VERNON C. HEPPNER, ADMINISTRATOR OF THE ESTATE OF ROBERT PATTON McCOMBS, DECEASED, APPELLANT, *v.* SALLY McCOMBS, AS PARENT AND GUARDIAN OF BRUCE McCOMBS AND LAUREN McCOMBS, MINORS, RESPONDENT.

No. 4957

February 24, 1966                    411 P.2d 123

*Guild, Guild & Cunningham,* and *Drennan A. Clark,* of Reno, for Appellant.

*William N. Dunseath,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Robert McCombs and Sally McCombs entered into a separation agreement dated May 15, 1957, containing provisions pertinent to financial and property matters customarily made pending a divorce. Relevant to the issues before this court are two paragraphs; one required Robert McCombs to pay $100 per month for the support and maintenance of two minor children until they reached majority; and the other provided that the agreement was binding upon the heirs, administrators, executors and assigns of the parties.

An Interlocutory Judgment of Divorce was entered on June 25, 1957, by the Superior Court of California and a final decree on July 10, 1958.

Decedent, Robert McCombs, became a resident and domiciliary of Nevada and was a partner in a Reno certified public accounting firm. On August 31, 1958 he married Jane McCombs, now his surviving widow, and on May 24, 1964, he died. He had left a holographic will whereby he gave all of his possessions to Jane.

When the will was admitted to probate, a claim on behalf of the two children was filed against decedent's estate. The claim, in the amount of $12,900, represented $50 per month for each child from the date of death of

the decedent to the respective dates each child reaches majority. The remaining $300 was admitted to be owed in the separation agreement and never paid.

The claim was rejected by the administrator and a complaint was filed pursuant to NRS 147.130. The trial court allowed the claim on the ground that the separation agreement evinced an intention by the deceased to bind his estate for the child support and that the California final judgment of divorce which incorporated the agreement was binding on the estate.

On this appeal the parties concede that full faith and credit must be given the California judgment. In California the obligation of a father to support his minor child which is fixed by divorce decree or property settlement agreement does not cease upon the father's death, but survives as a charge against his estate. Taylor v. George, 212 P.2d 505 (Cal. 1949), and cases cited therein. See also In re Goulart's Estate, 32 Cal.Rptr. 229 (1963), and Kress v. Kress, 33 Cal.Rptr. 77 (1963). The administrator argues, however, that the children are now receiving survivorship benefits under Social Security in an amount that exceeds the specified support payments and that the judgment for support is thus satisfied.

1. The will in the instant case made no declaration of intent nor any other provision for either the disposition of any Social Security or the distribution of any property to decedent's children. This, then, is a different situation from Taylor v. George, supra, wherein the deceased expressed that certain life insurance "is and will be sufficient for his (surviving son's) needs so far as any contribution from me is concerned."

The specific reference in that will was construed to mean that deceased intended the insurance proceeds to be in lieu of any other support and the court allowed the support obligation to be satisfied by the insurance. We can find nothing in the record here to permit a construction that Social Security was intended to supplant the child support provision of the separation agreement.

Without any expressed intent no substitution of satisfaction for the obligation could be made. Gainsburg v. Garbarsky, 289 P. 1000 (Wash. 1930).[1]

Our case turns on the full faith and credit to be given to a judgment of a sister state and whether or not it has been paid.[2]

We find that the Social Security benefits were not intended to replace the obligation of the estate for support under the agreement and decree of divorce.

The judgment of the trial court is affirmed.

THOMPSON and BADT, JJ., concur.

---

[1]We make no determination, however, whether Social Security benefits are a fund which the testator, by expressed intent, could substitute for an existing obligation for child support. Therefore, the applicability of the principle of Taylor v. George and Gainsburg v. Garbarsky to a situation where a substitution of survivorship benefits was expressed in the will, is not decided here.

[2]Nevada has not yet been faced with the problem of the obligation of child support after the death of the father and we decline to rule on that point until it is squarely presented.