ZENNA BAILEY, APPELLANT, *v.* BERTHA ALICE BAILEY, AS EXECUTRIX OF THE ESTATE OF JOE LARKIN BAILEY, DECEASED, RESPONDENT.

No. 6005

June 18, 1970                    471 P.2d 220

*Gordon L. Hawkins,* of Las Vegas, for Appellant.

*Rudiak & Publow,* of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an action upon a decree of divorce brought by appellant (plaintiff below), mother of two minor children, against

respondent (defendant below) as executrix of the father's estate. The trial court granted a motion to dismiss for failure to state a claim upon which relief could be granted and without leave to amend. This appeal is taken from that judgment. We affirm the judgment.

Appellant was divorced from Joe Larkin Bailey June 2, 1954, and was awarded custody of their two minor children. He was ordered to pay her support of $50 per month for each child until the further order of the court or until the children reached their majority. He paid that support through September, 1968, when he died. Respondent, his second wife, was appointed executrix of his will on October 16, 1968.

On December 6, 1968, appellant filed her claim against the estate for $3,850, the amount claimed to be due for support under the divorce decree from Joe Bailey's death until the children reached majority, one on November 16, 1971, and the other on December 31, 1971. The claim was rejected and suit filed.

The trial court, in its decision dismissing the action, stated: "It appears to the Court that Plaintiff has adequate protection under the probate laws of the State of Nevada under a request for family allowances on distribution of the estate upon closing of the estate proceedings."

The single issue before us on this appeal is: Whether an allegation in a complaint that a decedent was "ordered to pay . . . the sum of $50.00 per month for the support and maintenance of each of [his] minor children until further order of the court, or until they reached the age of their majority" states a cause of action upon which relief can be granted against his estate for installments accruing after death?

This issue has never been decided in Nevada, although it was alluded to in Heppner v. McCombs, 82 Nev. 86, 411 P.2d 123 (1966), where this court upheld a California decree containing a property settlement providing that the child support was enforceable against the estate of the father. The decision was grounded upon the full faith and credit clause, and this court expressly declined to decide whether it was enforceable under Nevada law, saying "Nevada has not yet been faced with the problem of the obligation of child support after the death of the father and we decline to rule on that point until it is squarely presented." 82 Nev. at 89, n. 2.

1. At common law, there was no final divorce, only a judicially decreed separation, with the father retaining custody of the children. The marriage relationship remained intact, and

upon the death of the husband and father, the wife and children were in the same position as if there had been no divorce. Note, Continuance of Alimony and Payments for Support of Minor Children after a Husband's Death, 35 Va.L.Rev. 482 (1949); see also Newman v. Burwell, 15 P.2d 511, 512 (Cal. 1932). That type of determination was carried forward into present law and is found in the separate maintenance provisions of Nevada statutes. See NRS 125.210.

Notwithstanding that present-day divorce severs the marital bond between the husband and wife, with the wife frequently being granted custody of the children, the family ties between the father and the children almost always remain unchanged. In re Foster's Estate, 47 Nev. 297, 220 P. 734 (1923).

Thus, a parent, particularly the father, has a continuing obligation of support for his minor children, irrespective of any decree to that effect. See In re Foster's Estate, supra, at 301–02; Scudder v. Scudder, 348 P.2d 225 (Wash. 1960). In *Scudder,* the court said a decree ordering payment of child support was "simply a recitation of the husband's common-law duty to support his children during their minority, and nothing more. *Id.* at 228.

2. At common law, a man's duty to support his children ended with his death. See Newman v. Burwell, supra; Note, supra, 35 Va.L.Rev. 482; Annot., 18 A.L.R.2d 1126, 1127.

From this rule, some courts have held that, absent a contractual obligation to do so, there is no obligation on the part of a parent to provide for the support of his child after death, and courts are without power to make the support order a charge against the father's estate. See Streight v. Streight's Estate, 360 P.2d 304 (Ore. 1961); Cooper v. Cooper's Estate, 111 N.E.2d 564 (Ill.Ct.App. 1953); Byrne v. Byrne, 112 N.Y.S.2d 569 (S.Ct.App. Term (1952)); In re Fessman's Estate, 126 A.2d 676 (Pa. 1956).

Other courts have permitted child support decrees to be enforced against a decedent's estate without his consent. In Murphy v. Moyle, 53 P. 1010 (Utah 1898), a decision to that effect was grounded in a divorce statute giving the court power to make such provision for the children "as may be just and equitable." *Id.* at 1012. The source of the court's power to charge the father's estate was not discussed in the California case of Newman v. Burwell, 15 P.2d 511 (Cal. 1932). The court held only that such power was available and had been exercised. In Scudder v. Scudder, 348 P.2d 225 (Wash. 1960),

the power of a court to make a support decree effective against a father's estate was assumed, but was found not to have been exercised in that case. See also Miller v. Miller, 64 Me. 484 (1874); Morris v. Henry, 70 S.E.2d 417, 420 (Va. 1952); Note, supra, 35 Va.L.Rev. 482, 492–95; Annot., 18 A.L.R.2d 1126, 1130–31.

3.   We believe that NRS 125.140 permits a court granting a divorce, in the exercise of its sound discretion, to order that child support payments bind the father's estate.[1] Compare NRS 125.140 with the statutes applied in Murphy v. Moyle, 53 P. 1010 (Utah 1898), and Morris v. Henry, 70 S.E.2d 417 (Va. 1952). We decline, however, to follow the lead of California and Utah and hold that an order granting child support until further order of the court or during minority is such an exercise of discretion. See Newman v. Burwell, 15 P.2d 511 (Cal. 1932) ("until the further order of court"); Murphy v. Moyle, supra ("during their minority"). Instead, like the Washington court, "we are convinced that if a judicial decree is to be held to impose upon the father a greater duty of child support than that required by the common law, the decree must specifically state that such obligation is to survive the death of the obligor." Scudder v. Scudder, 348 P.2d 225, 228 (Wash. 1960).

4.   While our statute provides an escape from the harshness of the common-law rule, a host of unanswered questions spring up when a child support grant is enforced against a decedent's estate. For example, should not the obligation of the father's estate run equally to all his children, not just those whom he is under a court order to support, but those who are living in his household or children by a subsequent marriage? Are the children he is ordered to support merely general creditors of his estate, or do they enjoy some priority? Since his children are entitled to family allowance during the course of the administration of his estate (In re Foster's Estate, 47 Nev. 297, 220 P. 734 (1923)), is the estate entitled to a credit for that allowance against the sum ordered paid for support? May the

---

[1]NRS 125.140. (1) The court, in granting a divorce, shall make such disposition of, and provision for, the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children.

(2) In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same.

amount owed under a child support order be modified after the father's death, and if so, does the child, the surviving parent, or the estate seek the modification? If modification is permitted, which court has jurisdiction to entertain the request? Is it the probate court, the court in which the decree was ordered, or the court in which the suit is brought seeking the modification? Are provisions for the child made by the father, such as life insurance, trust benefits, bequests, or intestate succession in addition to or a credit against the support obligation? Must the administration of the estate be kept open during the minority of the child, or should the sums found due for support be placed in a trust account or be paid over to the child's guardian? Are benefits accruing to the child from the father's death, such as social security payments, veterans benefits, pension plans, employee death benefits, in addition to or a credit against the support payments?

5. It appears to us that answers to these questions and others which have not come to our minds can best be answered, if at all, by a comprehensive statutory enactment. This is the first case involving this issue to arise in this jurisdiction in over 100 years. According to our past experience, it would require decades to evolve sound meaningful rules on a case-by-case basis. Accordingly, we urge caution in making child support awards enforceable against a father's estate and suggest that other available methods be utilized until such time as the legislature acts. A father can contract to permit support payments to be a charge against his estate. NRS 123.080; e.g., Newman v. Burwell, 15 P.2d 511 (1932); Stone v. Bayley, 134 P. 820 (Wash. 1913); In re Fessman's Estate, 126 A.2d 676 (Pa. 1956). A court can require the father to maintain or purchase life insurance upon his life, with the child as beneficiary, or require that a trust be set up for the benefit of the child. See NRS 125.140. These or similar alternatives seem preferable to us to the uncertainties encountered in making a child support award enforceable against the father's estate.

6. In commending the subject of the obligation of fathers for the support of their children to the legislature, it may be helpful to set forth the reasoning of the courts in denying or granting enforcement of child support awards against decedents' estates. Courts refusing to charge the father's estate cite as their main reasons (1) it would place children given to the custody of their mother after a divorce in a stronger position than children whose parents never divorce, children who are given to the father's custody, or children of a subsequent

marriage; (2) it would prevent the father from exercising his right to disinherit those children given to the custody of their mother, thus limiting the father's testamentary disposition of his property.

Courts charging the father's estate give as their reasons, (1) the child may become a public charge, and (2) because of hostility toward the mother, or from other causes, there is a danger the father will disinherit his children and thus leave them to be supported by their mother without any aid from his estate.

For the reasons assigned, the judgment of the lower court is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.