[No. 29525-0-I.   Division One.   March 8, 1993.]

SHERRY PESSEIN, *Individually and as Guardian, Respondent,* v. SALLY PESSEIN, *as Personal Representative, Appellant.*

894

*Douglas L. Phillips, Karen M. McGaffey,* and *Bogle & Gates,* for appellant.

*Theodore M. Rosenblume* and *Rosenblume & Associates, P.S.; Aaron S. Okrent,* for respondent.

WEBSTER, C.J. — Sally Pessein appeals the trial court's summary judgment disallowing a credit for Social Security death benefits against the child support obligations of Caesar Pessein's estate. Finding no error, we affirm.

### FACTS

Caesar and Sherry had two children, Stephanie and Christine. The dissolution decree awarded custody to Sherry and provided that Caesar would pay child support at the rate of $500 per month, per child, and, in the event of Caesar's death, the child support obligations would be a lien against his estate. Caesar later married Sally. On March 17, 1991, Caesar died testate and Sherry filed several child support claims against Caesar's estate.[1] Sally rejected the claims to

---

[1] $500 for each child for April 1991, $45,000 for Christine until she reaches age 18 and $29,500 for Stephanie until she reaches age 18.

the extent that the children were already receiving child support in the form of Social Security death benefits.

## DISCUSSION

Sherry claims Social Security death benefits should not be credited against the support obligation of a deceased parent's estate. She argues that in the decree of dissolution Caesar did not demonstrate an intent that his estate should have an offset or credit and, therefore, the estate is not entitled to such for death benefits paid by the Social Security Administration.

The court is asked to decide whether, as a matter of law, Social Security death benefits should be credited against the court-ordered child support obligations of a deceased parent's estate, *i.e.*, whether Social Security death benefits are support payments that should be credited toward that monthly entitlement or whether they are collateral benefits. This case is of first impression in Washington.

A number of states addressing this issue have credited Social Security death benefits without any express provision in the dissolution decree. *See, e.g., Bowden v. Bowden*, 426 So. 2d 448, 450 (Ala. Civ. App. 1983); *In re Marriage of Meek*, 669 P.2d 628, 630 (Colo. Ct. App. 1983); *Board v. Board*, 690 S.W.2d 380, 381-82 (Ky. 1985); *Gilford v. Wurster*, 24 Ohio App. 3d 77, 78, 493 N.E.2d 258, 260 (1983). Numerous jurisdictions have held that Social Security benefits received by a worker's children are: (1) designed to provide for the children's support;[2] (2) earned by workers and not merely gratuitous;[3] (3) earned substitutes for income no

---

[2]*See Windham v. State ex rel. Windham*, 574 So. 2d 853, 855 (Ala. Civ. App. 1990); *see also Gilford*, at 78; *Children & Youth Servs. v. Chorgo*, 341 Pa. Super. 512, 517-18, 491 A.2d 1374, 1377 (1985).

[3]*See Bowden*, at 450; *see also Cash v. Cash*, 234 Ark. 603, 607, 353 S.W.2d 348, 350 (1962); *Fowler v. Fowler*, 156 Conn. 569, 574, 244 A.2d 375, 377 (1968); *Andler v. Andler*, 217 Kan. 538, 542, 538 P.2d 653 (1975); *Board*, at 382; *Chorgo*, at 517.

longer received.[4] These courts have generally held that "a parent's social security payments made directly for the support of children, absent a special agreement or provision to the contrary, should be credited against that parent's child support obligations." *Williams v. Williams*, 560 So. 2d 308, 310 (Fla. Dist. Ct. App. 1990).

In Washington, child support obligations do not survive death absent special provisions obligating the estate. RCW 26.09.170(3). However, a person may voluntarily do more than the law requires. *Untersteiner v. Untersteiner*, 32 Wn. App. 859, 864, 650 P.2d 256 (1982). In a dissolution action the parties and the court are deemed to be aware of Social Security death benefits. *Crozier v. Equitable Life Assur. Soc'y*, 33 Wn. App. 828, 831, 658 P.2d 39, *review denied*, 99 Wn.2d 1014 (1983).

We set out the rule of law in Washington to clarify and remove any uncertainties. We find that credit for Social Security death benefits will be allowed against an estate's child support obligations only when such credit is specifically provided for in the dissolution decree, thereby indicating the parties' intent. *Crozier*, at 830-31 (a demonstration of intent is required in the decree of dissolution to allow the Social Security death benefits to be offset by the estate). Here, we are unable to determine the intent of the parties regarding Social Security death benefits. However, since the parties made specific provisions for child support obligations to survive Caesar's death and both parties are presumed to be aware of Social Security death benefits, those provisions apply in addition to the Social Security benefits. Although he was aware of potential Social Security payments, Caesar made a specific provision for a lien against the estate in the decree of dissolution, and no provision for offsets. Since it

---

[4]*Chase v. Chase*, 74 Wn.2d 253, 259, 444 P.2d 145 (1968); *see also Board*, at 382; *Folds v. Lebert*, 420 So. 2d 715, 716 (La. Ct. App. 1982); *Hanthorn v. Hanthorn*, 236 Neb. 225, 230, 460 N.W.2d 650, 654 (1990); *Griffin v. Avery*, 120 N.H. 783, 787, 424 A.2d 175, 177 (1980); *Pride v. Nolan*, 31 Ohio App. 3d 261, 263, 511 N.E.2d 408, 411 (1987).

was incumbent upon Caesar to have made a provision for credit of Social Security death benefits paid to his minor children and he made no such provision, his estate is not entitled to a credit.

The judgment is affirmed.

BAKER and KENNEDY, JJ., concur.