Mary LAKE, Appellant

v.

Linda Kay LAKE, as Independent Executrix of the Estate of Don Joel Lake, Deceased, and Individually, Don Joel Lake, Jr., Gay Lynn Parks, and Kimberly Michele Baxter, Appellees.

No. 05–94–00915–CV.

Court of Appeals of Texas, Dallas.

April 14, 1995.

Motions for Rehearing Overruled May 23, 1995.

P. Keith Staubus and Julie K. Blankenship, Blankenship Carmichael Staubus Abbott, Dallas, for appellant/plaintiff/petitioner.

Alan M. Glassman, Dallas, for appellee/defendant/respondent.

Before OVARD, BARBER and DEVANY, JJ.

## OPINION

BARBER, Justice.

This is a case of first impression.

Mary Lake (appellant), mother of three children by Don Joel Lake (decedent), sued Linda Kay Lake, as independent executrix of the estate of Don Joel Lake, deceased, and individually, Don Joel Lake, Jr., Gay Lynn Parks, and Kimberly Michele Baxter (appellees), beneficiaries under the will of decedent, for child support payments pursuant to a separation and property settlement agreement between appellant and decedent. The trial court granted a take-nothing judgment in favor of appellees on the ground that appellees should receive credit for social security benefits received by appellant on the child's behalf.[1] In two points of error, appellant complains the probate court erred in: (1) giving appellees credit for social security survivor benefits; and (2) in denying appellant's claim for attorney's fees. We reverse in part and render judgment that appellees are not entitled to receive a credit for social security survivor benefits received by appellant. We affirm the probate court's denial of appellant's claim for attorney's fees.

## FACTUAL AND PROCEDURAL HISTORY

Appellant and Don Joel Lake (decedent) were divorced in Arkansas in 1976. At that time, appellant and the decedent entered a separation and property settlement agreement in which the decedent agreed that his child support obligation would continue after his death and be satisfied through his equity interest in real property owned by appellant and the decedent as tenants in common. In 1979, appellant and the decedent signed an addendum to the separation and property settlement agreement in which the decedent quitclaimed to appellant any and all interest he had in the real property. Accordingly, the provisions concerning the real property were stricken from the separation and property settlement agreement. The decedent died in 1989. His child support obligations were current as of that time. The decedent's youngest child was still a minor when the decedent died.

In 1991, appellant sued appellees to recover the sum of $15,846.75, representing future child support obligations and various other expenses alleged to be due under the separation and property settlement agreement.

---

1. At the time of decedent's death, only one of his three children with appellant was still a minor.

She also sought attorney's fees. The probate court entered a summary judgment that appellant take nothing against appellees. Appellant appealed. This Court reversed the probate court's ruling and rendered judgment that appellees were liable to appellant for the amount of $14,943.99 in child support obligations that accrued after the decedent's death. This Court remanded the matter to the probate court for a determination of the amount of credit, if any, to which appellees were entitled for social security survivor benefits[2] received by appellant on the child's behalf. *Lake v. Lake,* No. 05–92–02111–CV, 1993 WL 342588 (Tex.App.—Dallas, 1993, no writ).[3]

Following a hearing on remand, the probate court entered a judgment that appellees should receive credit for the social security benefits received by appellant. The probate court entered judgment that appellant take nothing in her claim against appellees. In its findings of fact and conclusions of law, the probate court stated that appellant received $17,320[4] in social security benefits on behalf of the child, and that the amount of these benefits exceeded the child support obligation. The court concluded that the social security benefits should be credited against the child support obligations and, therefore, appellant should take nothing by her claim. The probate court also denied appellant's claim for attorney's fees.

## CHOICE OF LAW

Appellees assert that because the parties entered the separation and property settlement agreement in Arkansas, and appellant still lives in Arkansas, this Court should apply Arkansas law in resolving the credit issue.[5] Appellees direct us to two Arkansas cases which gave a credit toward child support for social security retirement benefits[6] and military allotment benefits[7]

received by the child. They argue that these cases indicate that Arkansas law would probably also allow a credit for social security survivor benefits received on behalf of the child in this case.

The question before this Court, however, does not involve an interpretation of the separation and property settlement agreement, for the agreement clearly does not provide for any credit. The issue before us is whether *as a matter of law* appellees are entitled to a credit for the social security benefits. The estate bears the child support obligation, and the estate is located in Texas. Accordingly, this Court will apply Texas law in resolving the issue regarding the credit. *Cf. Northwestern Nat. Cas. Co. v. Doucette,* 817 S.W.2d 396, 399 (Tex.App.—Fort Worth 1991, writ denied) (estate located in Texas and questions of descent and distribution to be determined by Texas law); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 316, 345 & 346 (1971) (administration of estate generally governed by law of state where administered).

## CREDIT FOR SOCIAL SECURITY BENEFITS

There is no dispute about the amount of the child support obligation or the amount of social security benefits received. The estate owes, absent a credit, $14,943.99 and appellant received $17,320 in social security benefits on behalf of the child. The question before this Court is whether as a matter of law appellees were entitled to a credit for the social security benefits.

Numerous cases provide that an obligor parent may receive a credit toward his or her child support obligation for social security disability or retirement benefits the child receives as a result of the obligor parent's

---

2. *See* 42 U.S.C. § 401 *et seq.*

3. We cite this unpublished opinion not as precedent, but as the law of the case.

4. The parties stipulated that the sum of the social security benefits was $17,320.

5. We note that the agreement provides that Arkansas law shall govern the interpretation of the agreement and the rights of the parties.

6. *Cash v. Cash,* 234 Ark. 603, 353 S.W.2d 348 (1962).

7. *Hinton v. Hinton,* 211 Ark. 159, 199 S.W.2d 591 (1947).

disability or retirement.[8] However, there exist only a relatively few cases dealing with the issue in relationship to social security survivor benefits. The jurisdictions that have addressed this issue are divided.

Several jurisdictions have allowed credits against the child support obligation of the obligor parent's estate for social security survivor benefits received by the child or children as a result of the obligor parent's death.[9] The reasoning underlying the decisions allowing the credit is that social security death benefits are not gratuitous, but represent money earned and contributed by the obligor parent. *See, e.g., Board v. Board,* 690 S.W.2d 380, 382 (Ky.1985); *Brewer v. Brewer,* 244 Neb. 731, 509 N.W.2d 10, 16 (1993). These jurisdictions are not uniform, however, in how the credit will be given.[10]

Conversely, other jurisdictions have denied credits for social security survivor benefits.[11] Of these jurisdictions, three have involved situations factually similar to this case.

In *Pessein v. Pessein,* 68 Wash.App. 893, 846 P.2d 1385 (1993), the court dealt with a divorce decree that provided for a child support lien against the father's estate in the event of his death. The Washington court held that "credit for social security death benefits will be allowed against an estate's child support obligations only when such credit is specifically provided for in the dissolution decree, indicating the parties' intent." *Id.* at 1387. Similarly in *Cohen v. Cohen,* 246 So.2d 581, 583 (Fla.Ct.App.), *writ discharged,* 255 So.2d 524 (Fla.1971), the court held that because the property settlement agreement and divorce decree did not provide for a credit, none would be given. Finally, in *Heppner v. McCombs,* 82 Nev. 86, 411 P.2d 123 (1966), the court addressed this issue in relationship to provisions made in the obligor parent's will. The Nevada court held that without any expressed intent, the social security benefits could not be substituted for child support.[12] *Id.* 411 P.2d at 125.

Both the *Cohen* and *Pessein* courts emphasized the fact that the parties were presumed to know of the availability of social security benefits at the time the agreements and divorce decrees were entered. *See Cohen,* 246

**8.** We state this as recognition of the existence of these cases. We specifically do not decide the issue of whether an obligor parent would be entitled to a child support credit for social security disability or retirement payments a minor child might receive, and nothing in this opinion should be construed as applying to that issue.

**9.** *See, e.g., Bowden v. Bowden,* 426 So.2d 448 (Ala.Civ.App.1983) (applying North Carolina law); *In re Marriage of Meek,* 669 P.2d 628 (Colo.Ct.App.1983); *Board v. Board,* 690 S.W.2d 380 (Ky.1985); *Gibson v. Gibson,* 110 Mich.App. 666, 313 N.W.2d 179 (1981); *Brewer v. Brewer,* 244 Neb. 731, 509 N.W.2d 10 (1993); *Gilford v. Wurster,* 24 Ohio App.3d 77, 493 N.E.2d 258 (1983); *see also Corley v. Corley,* 600 So.2d 908 (La.Ct.App.1992) (adoptive father entitled to credit toward child support for Veteran's Administration and social security survivor benefits child received as result of natural father's death).

**10.** *See, e.g., Bowden,* 426 So.2d at 450 (appears to give credit automatically); *Meek,* 669 P.2d at 630 (presume credit unless other factors militate against it); *Board,* 690 S.W.2d at 382 (not modification, only change in source of child support); *Gibson,* 313 N.W.2d at 181 (credit not automatic; social security benefits factor to consider in determining whether to modify child support); *Brewer,* 509 N.W.2d at 17 (not modification, but party opposing credit given opportunity to adduce evidence of inequity resulting from credit).

**11.** *See, e.g., Estate of Brummett v. Brummett,* 472 N.E.2d 616 (Ind.Ct.App.1984) (trial court did not abuse discretion in denying modification of child support obligation owed by estate based on social security survivor benefits received by child). For cases denying obligor parent's estate credit toward child support arrearages for social security disability benefits received during parent's lifetime, see *In re Estate of Patterson,* 167 Ariz. 168, 805 P.2d 401 (Ct.App.1991); *Appeal of Brown,* 288 S.C. 530, 343 S.E.2d 649 (Ct.App.1986). For cases denying obligor parent credit for social security survivor benefits received as the result of the death of a non-obligor parent, *see Department of Human Resources v. Prince,* 198 Ga.App. 329, 401 S.E.2d 342 (1991); *In re Marriage of Foley,* 501 N.W.2d 497 (Iowa 1993); *In re Marriage of Beacham,* 19 Kan.App.2d 271, 867 P.2d 1071 (1994); *Traylor v. Burns,* 570 A.2d 1204 (Me. 1990).

**12.** The Nevada court applied California law to the issue of whether the child support order survived the obligor parent's death, and was, therefore, enforceable under the Full Faith and Credit clause. The Nevada court specifically stated that it was not determining the issue under Nevada law. However, it is not clear which law the court applied to the credit issue because it cited a Washington case.

So.2d at 582–83; *Pessein,* 846 P.2d at 1387. Because the parties did not provide for a credit for social security benefits, the estates were not entitled to such credit. *See Cohen,* 246 So.2d at 583; *Pessein,* 846 P.2d at 1387; *see also Heppner,* 411 P.2d at 125.

 We decline to follow the jurisdictions that permitted the credits and adopt the reasoning of the *Pessein, Cohen,* and *Heppner* courts. The separation and property settlement agreement in this case was very extensive. The agreement provided that the estate would be bound by the property settlement agreement in the event of the decedent's death. Social security survivor benefits were available at the time the parties entered the separation and property settlement agreement, and the parties are presumed to have known the law. *See Valero Energy Corp. v. M.W. Kellogg Constr. Co.,* 866 S.W.2d 252, 259 (Tex.App.—Corpus Christi 1993, writ denied). The agreement did not provide that the child support obligation could be set off or satisfied by such benefits.

Accordingly, we hold that appellees were not entitled to a credit for social security survivor benefits received by appellant on behalf of the child. We sustain appellant's first point of error.

### ATTORNEY'S FEES

 In her second point of error, appellant contends that the probate court erred in denying her claim for attorney's fees. Appellees counter that the mandate from this Court limited the probate court to determination of the credit issue.

The judgment from this Court in the first appeal in this matter stated:

> This cause is **REMANDED** to the trial court for a new trial to determine the amount of credit, if any, appellees Linda Kay Lake, As the Independent Executrix of the Estate of Don Joel Lake, Deceased, and Individually, Don Joel Lake, Jr., Gay Lynn Parks, and Kimberly Michele Baxter should receive for social security payments paid to appellant Mary Lake.

The probate court had no jurisdiction to review or interpret the judgment of this Court.

*Martin v. Credit Protection Assoc., Inc.,* 824 S.W.2d 254, 255 (Tex.App.—Dallas 1992, writ dism'd w.o.j.). Rather, the probate court was required to observe the judgment as it was framed by this Court. *Id.* at 256. The judgment did not provide that the probate court should also consider appellant's claim for attorney's fees, and the probate court could not go beyond this Court's judgment to consider that claim. *See id.* The probate court, therefore, did not err in denying appellant's claim for attorney's fees. We overrule appellant's second point of error.

### CONCLUSION

We reverse in part and render judgment that appellees were not entitled to a credit for social security benefits received by appellant on behalf of the child. We affirm the probate court's judgment to the extent it denied appellant's claim for attorney's fees.