### In the Interest of Russell Keith ALLSUP, a child.

### No. 06–95–00104–CV.

Court of Appeals of Texas, Texarkana.

June 18, 1996.

Rehearing Overruled July 16, 1996.

Rob Foster, Longview, for appellant.

Vernard G. Solomon, Marshall, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

GRANT, Justice.

Linda Jane Bell appeals an amended order on a motion to modify support payments in a suit affecting the parent-child relationship granted in favor of Keith E. Allsup.

The parties were divorced on May 23, 1991. The agreed final decree set Allsup's child support payment at $360 a month. Testimony showed that the child was receiving Social Security benefits of $360 a month because of Allsup's retirement. The payments originally were being sent to Allsup's household, but Bell transferred payment of the $360 from Allsup's household to her own household in late 1994. Allsup stopped sending payments after October 1994.

Bell filed a motion, seeking enforcement of the prior child support order. Allsup answered and filed a counterclaim, seeking changes in the conservators' powers and in visitation. Bell then filed an amended motion to modify in a suit affecting the parent-child relationship on December 1, 1994, seeking to increase child support, change visitation, and to enforce a trust granted for the benefit of the child in the final decree.

The trial court denied all relief sought by the motion for enforcement by finding that all previously ordered child support was to be credited with and discharged by the Social Security benefits paid to Bell for the child's benefit. The court also held Allsup should receive dollar-for-dollar credit for all future Social Security payments paid on the child's

behalf.[1] The court in its findings of fact and conclusions of law found that the prior payment of Social Security benefits on behalf of the child represented payment of Allsup's child support obligation or a credit on any court-ordered obligation of Allsup and that the credit satisfied Allsup's court-ordered obligation. Bell appeals.

We construe Bell's point of error as raising three complaints about the trial court's actions. *See* TEX.R.APP. P. 74(p). Bell complains the trial court erred (1) in failing to hold Allsup in contempt, (2) in failing to enter a $15,000 money judgment for back child support because the trial court erroneously gave Allsup a dollar-for-dollar credit for Social Security payments previously made for the benefit of the child, and (3) in giving Allsup a dollar-for-dollar credit on his future child support for Social Security payments made for the benefit of the child.

■ As for the failure of the trial court to find Allsup in contempt, a district court's order denying contempt is not reviewable. *Horne v. Harwell,* 533 S.W.2d 450, 452 (Tex. Civ.App.—Austin 1976, writ ref'd n.r.e.); *Hamborsky v. Hamborsky,* 497 S.W.2d 405, 406 (Tex.Civ.App.—San Antonio 1973, no writ); *Blair v. Blair,* 408 S.W.2d 257, 258 (Tex.Civ.App.—Dallas 1966, no writ); *Gierczic v. Gierczic,* 382 S.W.2d 495, 496 (Tex.Civ. App.—Houston 1964, no writ).

■ Bell next complains about the trial court giving an offset credit to Allsup for the child's receipt of Social Security payments for child support. (We are combining our discussion of back child support payments and future child support payments because both issues involve the credit for Social Security payments.) The original support agreement provides:

> It is ORDERED and DECREED that Keith E. Allsup is obligated to pay and shall pay to Linda Jane Nichols Allsup child support of Three Hundred Sixty and No/100 ($360.00) Dollars per month, with the first payment being due and payable on the tenth day of the month following the entry of a Divorce Decree in this cause, and a like payment being due and payable on the same day of each month thereafter. . . .

Allsup testified that, during the original divorce negotiations, the parties agreed and intended that Allsup's child support obligation would equal the child's Social Security benefit and that the benefit would, in effect, be Allsup's support. Bell contradicts his testimony, saying that the parties had no such agreement and that the agreed-to $360 payment was to be in addition to any Social Security payment Allsup received for the benefit of the child.

No provision allowing credit for Social Security payments is set forth in the original divorce decree, nor was it included in any settlement agreement in writing or stated in open court pursuant to Rule 11 of the Rules of Civil Procedure or by a written agreement incident to divorce provided for in Section 3.631 of the Family Code. There was no evidence that the trial court before entering the original divorce decree was even made aware of any alleged oral agreement about the Social Security benefits.

Rule 11 of the Texas Rules of Civil Procedure specifically provides that no agreement between the attorneys or the parties touching any suit pending will be enforced unless it is in writing, signed, and filed with the papers in the case, or unless it is made in open court and entered of record. Nothing in the record before us suggests that this was done in regard to any agreement pertaining to credit for Social Security payments.

■ Section 3.631 of the Family Code requires that the parties may enter into a *written* agreement concerning division of all properties and liabilities of the parties and maintenance of either of them. TEX. FAM. CODE ANN. § 3.631 (Vernon 1993). Although the statute does not specifically speak to agreements concerning child support, it has been specifically held to apply to such agreements. *Lee v. Lee,* 509 S.W.2d 922 (Tex.Civ.

---

1. The order also modified Allsup's visitation rights to comply with the Family Code's standard visitation rights, TEX. FAM.CODE ANN. § 153.312

(Vernon 1996), granted a trust established for the child, and awarded Bell $750 in attorney's fees.

App.—Beaumont 1974, writ ref'd n.r.e.). The rule specifically requires that such an agreement be in writing. There is good reason for such a rule as demonstrated by the present case which brings controversy as to whether there was an agreement and what the terms of the agreement were. As the Latin maxim explains, "The spoken word flies; the written word remains." In the present case, no evidence was presented to indicate that the alleged agreement was ever reduced to writing. Therefore, such an agreement could have no effect in the interpretation of the judgment. Furthermore, despite the fact that a judgment has its genesis in an agreement between the parties, the judgment itself has an independent status. *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234 (1961).

Once the agreement of the parties has been approved by the court and made a part of its judgment, the agreement is no longer merely a contract between private individuals but is the judgment of the court. *Ex parte Gorena,* 595 S.W.2d 841 (Tex.1979). Any settlement agreement in the present case was not ratified or approved but was integrated into the judgment.[2] As the court said in *Ruhe v. Rowland,* lack of a written agreement or agreement made in open court and entered into the record precludes the enforcement of such an agreement on the issue of child support. 706 S.W.2d 709 (Tex. App.—Dallas 1986, no writ). Once the existence of an oral settlement agreement is disputed, it becomes unenforceable. *Kennedy v. Hyde,* 682 S.W.2d 525 (Tex.1984). Because of the state of the record and the failure of the judgment to recite a provision on credit for Social Security payments, we cannot add to the judgment or alter the judgment on the basis of some disputed agreement.

Thus, we are not concerned with a contract in the present case, but our review concerns only an unambiguous original judgment and modified judgment. The original judgment is silent on whether the father will be allowed credit for child support based upon Social Security payments; the modified judgment specifically allows for credit for the Social Security payments.

We find no Texas case directly in point in which the court held that Social Security benefits to children are mandatory offsets or optional offsets against parents' child support payments. In *Lake v. Lake,* the court held that Social Security survivor benefits received on behalf of a child would not offset the contractual future child support obligation of the obligor's estate after the obligor's death. 899 S.W.2d 737 (Tex.App.—Dallas 1995, no writ). In reaching its decision, the *Lake* court relied on *Pessein v. Pessein,* 68 Wash.App. 893, 846 P.2d 1385 (1993) (Social Security death benefits credit allowed against an estate's child support obligation only when specifically provided for in dissolution decree, indicating the parties' intent); *Cohen v. Cohen,* 246 So.2d 581 (Fla.Ct. App.), *writ discharged,* 255 So.2d 524 (Fla. 1971) (no credit given for Social Security benefits because not provided for in property settlement agreement and divorce decree); and *Heppner v. McCombs,* 82 Nev. 86, 411 P.2d 123 (1966) (without expressed intent, Social Security benefits could not be substituted for child support). The court in *Pessein* expressly recognized in footnote 8 that its opinion did not purport to decide whether an obligor parent, as opposed to an estate, would be entitled to a child support credit for Social Security or retirement payment a minor might receive.

In *Block v. Waters,* the appellate court, in ordering a trial court to calculate the amount of child support due from an obligor, told the trial court to deduct from the amount due payments received by the children from the Social Security Administration. 564 S.W.2d 113, 116 (Tex.Civ.App.—Beaumont 1978, no writ). There was no discussion of the basis for this ruling.

In *Ex parte Barlow,* the relator sought a writ of habeas corpus, alleging he was illegally detained for contempt for failure to pay child support. 899 S.W.2d 791 (Tex.App.—Houston [14th Dist.] 1995, no writ). During

---

**2.** The doctrine of merger would seem to apply to such a situation. *See Roesbery v. Roesbery,* 88 Idaho 514, 401 P.2d 805 (1965).

oral argument, both parties asked the court to address the question of whether the relator should get credit for Social Security disability payments made to the respondent for the benefit of the child. The court said that issue could not be raised in a writ of habeas corpus.[3]

Many jurisdictions that have examined this issue in connection with Social Security retirement benefits have found that a parent is entitled to credit for payments contemporaneous with the parent's support obligation.[4] *See, e.g., Miller v. Miller,* 890 P.2d 574 (Alaska 1995) (father entitled to credit on support payments because child's entitlement derives from parent; payments represent earnings from parent's past contributions); *Stultz v. Stultz,* 644 N.E.2d 589 (Ind.App.1994) (parent entitled to credit because benefits earned by employee based on contributions in the form of deductions from wages); *Lago v. Trabucco,* 207 A.D.2d 92, 621 N.Y.S.2d 824 (N.Y.App.Div.1994) (parent's contemporaneous child obligation reduced to zero where Social Security benefits for two children exceeded child support order); *In re Engel,* No. 90AP030019, 1990 WL 163754 (Ohio App. Oct.4, 1990) (parent allowed credit for Social Security benefits received by daughter as result of parent's retirement), *but see McNeal v. Cofield,* 78 Ohio App.3d 35, 603 N.E.2d 436 (1992) (although trial court required to consider financial resources and earning ability of minor child, including Social Security benefits paid either to child's or child's representative, it is unreasonable to permit one parent to receive windfall and be totally relieved of support obligation that would otherwise be allocated to that parent under support guidelines solely because of Social Security benefits to or for minor's benefit), criticized by *Edmonds v. Edmonds,* No. 93CA1604, 1994 WL 514890 (Ohio App. Sept. 19, 1994); *see generally* Michael A. DiSabatino, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child,* 34 A.L.R.5th 447 (1995).

In finding a noncustodial parent had a right to the credit, the Illinois Supreme Court relied heavily on the parent's earning the right to Social Security disability benefits. *In re Marriage of Henry,* 156 Ill.2d 541, 190 Ill.Dec. 773, 778, 622 N.E.2d 803, 808 (1993). The court stated that

> [A] worker is *legally compelled* to set aside a portion of his wages in order to earn benefits used *to support his dependent children* in the event he becomes unable to do so himself.... Eligibility for social security benefits and the amount of such benefits depends on the earnings record of the primary beneficiary.... Thus, social security dependent disability benefits are not gratuitous ... but are generated by the noncustodial parent through his labor and earnings.

*Id.*

The Minnesota Court of Appeals, on the other hand, found the Social Security scheme somewhat unlike private insurance. *In re Marriage of Haynes,* 343 N.W.2d 679 (Minn. App.1984). It noted that the United States Supreme Court had found a contributor's

---

**3.** Justice Hudson, in a concurring opinion in *Ex parte Barlow,* 899 S.W.2d 791, 799 (Tex.App.— Houston [14th Dist.] 1995, no writ), finds the reasoning in *In re Marriage of Henry,* 156 Ill.2d 541, 190 Ill.Dec. 773, 778, 622 N.E.2d 803, 808 (1993), and other cases, persuasive and urges the court to grant the credit. According to Justice Hudson, the purpose of the Social Security disability payments is precisely to allow the disabled worker to meet his obligations, including child support obligation.

**4.** The following states have recognized that parents with child support obligations were generally entitled to credit against those obligations for Social Security benefits paid to their children as a result of the obligor parent's retirement: Alaska, Arizona, California, Illinois, Indiana, Missis-

sippi, Nebraska, New Mexico, New York, and Ohio. See Michael A. DiSabatino, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child,* 34 A.L.R. 5th 447, 498–99 (1995).

In an analogous situation discussed in the same treatise, states in which the courts have held or recognized that an obligor parent is normally entitled to credit against child support obligation for social security dependant disability benefits are Alabama, California, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, New Mexico, New York, Ohio, Rhode Island, South Dakota, Tennessee, and Washington. *See* DiSabatino, *supra,* at 469, 470.

right to Social Security payments falls short of being a property right and that a person covered by the act has not such a right that every defeasance of "accrued" interest violated the Due Process Clause of the Fifth Amendment. *Id.* at 681–82, citing *Flemming v. Nestor,* 363 U.S. 603, 609–11, 80 S.Ct. 1367, 1371–73, 4 L.Ed.2d 1435 (1960).[5] The Minnesota court also noted that a child's receipt of Social Security benefits would not reduce the contributor's own benefits and that in most cases the recipient, not the contributor, would be responsible for any overpayment. *Marriage of Haynes,* 343 N.W.2d at 682.

Other courts have found that credit was discretionary with the trial court, *see, e.g., In re Marriage of Hughes,* 69 Wash.App. 778, 850 P.2d 555 (1993), or that there was a rebuttable presumption to allow the credit, *see, e.g., Children & Youth Servs. v. Chorgo,* 341 Pa.Super. 512, 491 A.2d 1374 (1985).

We recognize that Social Security is a mandatory program for most jobs, that the payments by the worker are not increased when the worker has a child or children, that payments to the minor dependents of Social Security benefits do not reduce the benefits to the parent, and that the parent has no authority to deny the Social Security benefits to the child or children.[6] We also recognize, however, that these benefits are generated by the work of the parent, that the benefits are increased in accordance with the amount earned by the parent, and that the ultimate

consideration in establishing child support is for the benefit of the child. Furthermore, the main purpose of the Social Security program providing such payments in the event of disability or a parent reaching an age of possible diminished earning capacity is to provide for the support of the child or children.

■ We hold that a parent has a right to receive credit for Social Security payments made for the child by reason of the parent's retirement. (A parent can be ordered to pay child support in addition to the Social Security benefits, and nothing in this opinion should be construed to the contrary.) The point of error is overruled.

We have no jurisdiction to consider the trial court's failure to find Allsup in contempt. So this point of error is dismissed for want of jurisdiction. We affirm the trial court judgment in allowing an offset credit for Keith Allsup's past and future Social Security payments to the child on the court-ordered child support.

STARR, J., not participating.

---

5. The United States Supreme Court said that although Social Security is a form of social insurance enacted by Congress, the contributor's noncontractual interest cannot be soundly compared to that of the holder of an annuity. *Flemming v. Nestor,* 363 U.S. 603, 609–10, 80 S.Ct. 1367, 1371–72, 4 L.Ed.2d 1435 (1960). It said that while it would be unprofitable to engage in conceptualizations regarding "earned rights" and "gratuities," and that while benefits are in one sense "earned," the scheme is a "highly complex and interrelated statutory structure." *Id.,* 363 U.S. at 610, 80 S.Ct. at 1372.

6. Federal government rules determine when and if the child gets paid. 42 U.S.C.A. § 402 (West Supp.1996). The child submits an application for benefits, signed by a relative, presumably a mother or father. *Leimbach v. Califano,* 596 F.2d 300, 302–03 (8th Cir.1979). The government calculates the child's benefits based upon a parent's earnings records, 42 U.S.C.A. § 402, but

nothing in the code or regulations suggests that a child's benefits are reduced because of the child's benefits and nothing suggests that the child's benefits will deplete the parent's contributions or that the parent's contributions were in any way influenced by the number of dependents. *See, e.g.,* DEPT. OF TREASURY, INTERNAL REVENUE SERV., CIRCULAR E, EMPLOYER'S TAX GUIDE, PUBLICATION 15 at 3 (rev. January 1995) (employer to withhold fixed percentage from each of an employee's wage payments up to taxable-wage ceiling).

An Ohio court held that social security benefits paid to a mother for the benefit of a child inured directly to the child and that federal regulations barred the mother's use of the benefits to discharge child support arrearage because, in effect, the child was paying his own arrearage. *Fuller v. Fuller,* 49 Ohio App.2d 223, 360 N.E.2d 357, 358 (1976).