Affirmed and Opinion filed July 11, 2002

















Affirmed and
Opinion filed July 11, 2002.

 

 

 

 

In The

Fourteenth Court of Appeals

____________

NO. 14-00-00095-CV

____________

 

BARBARA SMITH CHRISTLEY, INDEPENDENT EXECUTRIX

OF THE ESTATE OF CYRIL J. SMITH, DECEASED, Appellant

V.

LEASING ASSOCIATES, INC., Appellee

 

 

On Appeal from
the Probate
 Court No. 3

Harris County, Texas

Trial Court Cause No. 181608-421

 

 

                                                   O
P I N I O N

            Barbara
Smith Christley, Independent Executrix of the Estate
of Cyril J. Smith, Deceased, (“Christley”)[1]
appeals a summary judgment granted in favor of Leasing Associates, Inc.
(“Leasing Associates”) on various grounds. 
We affirm.




 








                                                                   Background

            Cyril
Smith, Sr. (“Senior”), the father of Cyril Smith, Jr. (“Junior”) and Christley, executed a power of attorney ( the “power of
attorney”), appointing Junior his attorney-in-fact to facilitate management of
his affairs.  Leasing Associates leased
vehicles and equipment to Junior’s corporation, Ware-Con Services Corporation
(“Ware-Con”), and required Senior’s financial backing on the leases (the
“leases”).  Purporting to fulfill this
requirement, Junior signed Senior’s name to a vehicle lease guaranty agreement
dated October 6, 1981 and an equipment lease guaranty agreement dated February
25, 1982 (collectively, the “guaranties”) and returned them to Leasing
Associates without disclosing that Junior had signed Senior’s name on
them.  In 1982, Senior himself executed a
deed of trust on real property (the “deed of trust”) to further secure the
leases.  Senior died later that year,
Ware-Con subsequently failed to pay the leases, and Leasing Associates sought
recourse against Senior’s estate under the guaranties and deed of trust.

            As pertinent to this appeal, Christley filed a declaratory judgment action in 1984
against Leasing Associates to declare its claims against her (as representative
of Senior’s estate) invalid; Leasing Associates filed counterclaims (the
“counterclaims”) against Christley for amounts due
under the guaranties and for foreclosure of the deed of trust; and Christley generally denied the counterclaims and asserted
various affirmative defenses to them.

            At the trial in 1986, the jury
found, among other things, that: (1) Senior lacked sufficient mental capacity
when he executed the deed of trust; (2) Senior received no consideration for
the deed of trust and guaranties; (3) Leasing Associates did not properly
declare that the leases were in default; (4) Leasing Associates gave proper
notice and demand for payment of the guaranties; (5) Ware-Con’s default under the
lease agreements caused Leasing Associates $225,000 in actual damages; (6)
Junior did not sign the guaranties with Senior’s permission; and (7) Junior did
not sign the guaranties while exercising the authority granted to him under the
power of attorney.  In accordance with
the jury’s verdict, the trial court entered a judgment (the “first judgment”)
that, among other things, declared the guaranties and deed of trust void as to
Senior and thus ordered that Leasing Associates take nothing against Christley.

            Leasing Associates appealed the
first judgment to this court (the “first appeal”).  See
Smith v. Christley, 755 S.W.2d 525, 531-33 (Tex.
App.—Houston [14th Dist.] 1988, writ denied) (“our prior opinion”).  Among other things, Leasing Associates
challenged the findings of the jury, arguing that Junior executed the
guaranties under the authority of the power of attorney, Junior had Senior’s
permission to sign the guaranties, and Leasing Associates had properly declared
the lease agreements to be in default. 
Although we sustained these points as a matter of law, we could not
render judgment on them because Leasing Associates had preserved them only in
its motion for new trial and thus sought only a remand.  See id. at 533.  In addition, we rendered judgment that Christley take nothing on her action to declare the
guaranties and deed of trust invalid.  Id.  Accordingly, we reversed the portion of the
first judgment declaring these instruments void and remanded the case on the
following matters:

(1)       whether Junior
acted with Senior’s permission and under the power of attorney;  and

(2)       whether
Leasing Associates properly declared the leases in default and (if so,) a
determination of the damages caused by that default.

Id.  We affirmed the remainder of the first
judgment.  Id.

            Following our remand, the parties
filed cross motions for summary judgment, and 
the trial court granted Leasing Associates’s
motion and rendered judgment in 1999 (the “second judgment”)[2]
awarding it recovery against Christley.

                                                            Standard of Review

            A summary judgment may be granted if
the motion and summary judgment evidence show that there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of law
on the issues expressly set out in the motion or response.   Tex.
R. Civ. P. 166a(c); Jacobs v. Satterwhite, 65 S.W.3d 653, 655 (Tex.
2001).  When both sides move for summary
judgment and the trial court grants one motion and denies the other, the
reviewing court should review both sides’ summary-judgment evidence, determine
all questions presented, and render the judgment that the trial court should
have rendered.  Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex.
2001).  When reviewing a summary
judgment, we take evidence as true, indulge every reasonable inference, and
resolve any doubts, in favor of the nonmovant.  Limestone
Prods. Distribution v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002).

                                               Scope
of First Appeal and Remand

            Christley’s first issue asserts that the
second judgment improperly dismisses her claims against Junior and James Foutch, another defendant, because neither Junior nor Foutch filed a motion for summary judgment.  As outlined above, the issues to be
determined on remand of this case following the first appeal were narrowly
specified in our prior opinion.  When an
appeals court remands a case and its decision clearly limits the subsequent
trial to a particular issue, the trial court is restricted  on remand to a determination of that
issue.  Hudson v. Wakefield, 711 S.W.2d
628, 630 (Tex. 1986).[3]  In this case, because our prior opinion was
not overturned and the scope of its limited remand did not extend to Christley’s claims against Junior or Foutch,
those claims were finally disposed of by the first judgment and first appeal
and thus needed no further motion for summary judgment on remand.  Accordingly, Christley’s
first issue is overruled.

            Christley’s second and third issues contend
that: (1) Leasing Associates did not appeal the portion of the first judgment
denying its claims against Christley because none of
Leasing Associates’s points of error in the first
appeal challenged that portion of the first judgment; (2) the second judgment
was not authorized because Leasing Associates’s
claims against Christley were determined by the first
judgment, not appealed, and not included in the limited remand; and (3) on
remand, Leasing Associates waived all claims for relief by dismissing its only
remaining claims that were within the scope of remand, those against Junior.  We disagree.

            As noted above, Leasing Associates
asserted counterclaims against Christley, Christley asserted affirmative defenses to those
counterclaims, and the trial court entered a take-nothing judgment on those
counterclaims in the first judgment. 
Page two of Leasing Associates’s brief in the
first appeal plainly states, “Leasing Associates . . . bring[s] this appeal to
complain of certain rulings of the Court and findings of the jury on Leasing
Associate’s [sic] claims against the Estate of Cyril Smith, Sr. (through
Barbara Christley as representative of the estate of
her father).”

            As reflected in our prior opinion,
Leasing Associates’s points of error two through six,
ten, twelve, and thirteen pertained to the enforceability of the documents that
purported to bind Senior, i.e., whether: (1) Senior lacked mental
capacity to execute the deed; (2) Junior signed the guaranties apart from the
power of attorney and without Senior’s permission; (3) Senior received
consideration for the deed of trust or guaranties; and (4) Leasing Associates
failed to properly declare the leases in default.  See
Smith, 755 S.W.2d at 531-33.  Of
those points of error, we sustained numbers two (regarding whether Senior
received consideration), five and six (regarding whether Junior acted with
Senior’s permission and under the power of attorney), and thirteen (regarding
whether Leasing Associates properly declared the leases to be in default).  The first of our remand issues related
specifically to Leasing Associates’s points five and six,
and the second remand issue related specifically to its point thirteen.

            In that our prior opinion rendered a
take-nothing judgment against Christley’s claims for
declaratory relief, the only relevance the remanded issues could have had as
between Christley and Leasing Associates was as to
Leasing Associates’s claims against Christley.  Moreover,
it is clear that the remand issues did not pertain to the liability of Ware-Con
or Junior because they stemmed from Leasing Associates’s
points of error, which raised no complaint regarding the liability of those
parties (but only the amount of damages awarded against Junior).

            Christley
argues that the following sentence in our prior opinion shows that Leasing
Associates assigned no error in the first appeal to the denial of its claims
against Christley: “This rendition of judgment should
not be construed to grant Leasing Associates affirmative relief on those
instruments, however, since they had not sought such.”  Smith,
755 S.W.2d at 533.  However, this language
does not mean that Leasing Associates assigned no error to the denial of its
claims against Christley, but only that we could not render judgment in favor of Leasing
Associates on the determinations we had made as a matter of law because Leasing
Associates had preserved those points only by a motion for new trial.  See id.[4]  Therefore, we overrule issues two and three.

            Christley’s fourth issue contends that she is
not bound by the guaranties because: (1) Leasing Associates relied on forged
signatures, not the power of attorney; (2) the statute of frauds bars Leasing Associates’s recovery; (3) the power of attorney does not
authorize the guaranties; and (4) Senior received no consideration for the
guaranties.  Christley’s
fifth and sixth issues assert that errors and dicta in our prior opinion are
not binding and there is no evidence to dispose of Christley’s
conspiracy claim.  However, because these
contentions are either directly contrary to our prior opinion or beyond the
scope of the limited remand issues, and because Leasing Associates’s
summary judgment response and cross motion indicated this to the trial court,[5] the
contentions in Christley’s fourth through sixth
issues were not properly before the trial court.  Accordingly, they present nothing for our
review and are overruled.

                                                          Prejudgment Interest

            Christley’s
seventh issue challenges the award of prejudgment interest in the second
judgment.  However, Christley
has not cited, and we have not found, any portion of the record showing that
these challenges were ever presented to the trial court.[6]  Accordingly, the seventh issue presents
nothing for our review and is overruled,[7] and the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed July 11,
 2002.

Panel
consists of Justices Anderson, Fowler, and Edelman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           Although Christley’s
briefs in this case indicate that she is also an appellant: (1) individually,
(2) as a beneficiary of the Estate of Cyril J. Smith, Deceased, and (3) as
Independent Administratrix of the Estate of Martha
Reeve Smith, Deceased, the judgment being appealed awards relief against Christley only in her capacity as Independent Executrix of
the Estate of Cyril J. Smith, Deceased.  See Tex.
R. App. P. 25.1(b) (the filing of a notice of appeal by any party
invokes the appellate court’s jurisdiction over all parties to the trial
court’s judgment or order appealed from). 
Accordingly, unless otherwise indicated, references to Christley in this opinion will be only in that capacity.





[2]           It is not apparent why the lawsuit
was allowed to languish from 1988 to 1999.





[3]           See
Garcia v. Martinez, 988 S.W.2d 219, 221-22 (Tex. 1999) (holding that remand
only as to the issue of the guardian ad litem’s fee
did not overrule (or allow the trial court to disregard) the preceding
judgment’s order that costs, including the ad litem
fee, would be paid by the defendants pro rata); University of Tex. Sys. v. Harry, 948 S.W.2d 481, 482-83 (Tex.
App.—El Paso 1997, no pet.) (holding that remand on issues of injury and course
of employment did not allow trial court to submit jury question on incapacity, i.e., resulting from the injury); Lake v. Lake, 899 S.W.2d 737, 741 (Tex.
App.—Dallas 1995, no writ.) (holding that remand for determination of amount of
credit to be applied for payments received did not allow trial court to
consider claim for attorney’s fees).





[4]           See
also Horrocks v. Tex. Dep’t of Transp.,
852 S.W.2d 498, 499 (Tex. 1993) (holding that in reversing a judgment based on
grounds raised only in a motion for new trial, appeals court may afford only
such relief as trial court could have granted in response to the request
presented to it, i.e., a new trial).





[5]           See
Estate of Stonecipher v. Estate of Butts, 686
S.W.2d 101, 103 (Tex. 1985)
(holding that respondent waived complaint regarding limited scope of the remand
by failing to raise it before trial court).





[6]           See
Tex. R. App. P. 33.1 (requiring
complaint to be presented to trial court to preserve it for appellate review).





[7]           Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 243 (Tex. 1985)
(overruling challenge to award of prejudgment interest for failure to present
complaint to trial court).