151 So.2d 225

**LIBERTY NATIONAL LIFE INSUR-
ANCE CO.**

**v.**

**FIRST NATIONAL BANK OF BIRMING-
HAM, As Custodian for William
R. Britton, Jr.**

**6 Div. 724.**

Supreme Court of Alabama.

March 14, 1963.

Cabaniss & Johnston and Lucien D. Gardner, Jr., Birmingham, for appellee.

Spain, Gillon & Young, John W. Gillon and Ira L. Burleson, Birmingham, for appellant.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Jefferson County, in Equity, overruling demurrers to the bill of complaint. The appeal was perfected before passage of Sec. 755, Title 7, Code of Alabama 1940, as amended, prohibiting appeals from rulings on demurrers in equity cases.

The bill sought to require appellant to register the transfer of certain shares of stock on its books and issue new certificates for twenty shares of capital stock to appellee as "custodian" for William R. Britton, Jr., a minor, under the Alabama Uniform Gifts to Minors Act, Sec. 154(1) et seq., Title 47, Code of Alabama 1940, as amended by Act No. 396, Acts of Alabama 1957, p. 549. The bill further sought to compel payment of dividends to appellee which have become due and payable.

It appeared that ten of the shares were transferred to appellee for William R. Britton, Jr., and did not represent an investment for a minor; the other ten shares were purchased by appellee with $500 given to it as custodian for the minor. Both gifts were made pursuant to the terms of the Alabama Uniform Gifts to Minors Act.

Appellant refused to register the transfer of shares of its capital stock on the basis that such was an investment of a trust fund by a guardian in the stock of a private corporation and violative of Sec. 74 of the Constitution of Alabama 1901, which provides:

> "No act of the legislature shall authorize the investment of any trust fund by executors, administrators, guardians, or other trustees in the bonds or stock of any private corporation; and any such acts now existing are avoided, saving investments heretofore made."

Appellee in retaining ten shares and purchasing an additional ten shares of the capital stock was acting pursuant to Sec. 154(4) (e), Title 47, supra, which provides:

> "(e) The custodian, notwithstanding statutes restricting investments by fiduciaries, shall invest and reinvest the custodial property as would a prudent man of discretion and intelligence who is seeking a reasonable income and the preservation of his capital, except that he may, in his discretion and without liability to the minor or his estate, retain a security given to the minor in a manner prescribed in this article."

Appellant urges that this section contravenes Sec. 74 of the Constitution, and is, therefore, unconstitutional.

█ There can be no doubt that a trustee may be empowered by a trust instrument to invest trust property in stock or bonds of a private corporation or other investments not authorized by statute. Title 58, Sec. 47, Code of Alabama 1940, so called "non-legal" investments. Title Guarantee Loan & Trust Co. v. Woodward, 238 Ala. 304, 191 So. 363, 129 A.L.R. 1301. Section 74 of the Constitution does not prohibit this; it merely prohibits the legislature from authorizing such an investment.

█ It is our opinion that the legislature in enacting the Uniform Gifts to Minors Act was not authorizing an investment by a

trustee of trust funds in the stock or bonds of a private corporation. The legislature was merely providing a more expedient means of attaining the same result as could be reached by a trust instrument so drawn. We do not believe this is an "authorization" by the legislature, the authority comes from the donor. The authority for such investments not coming from the legislature, it necessarily results that Sec. 74 of the Constitution would not apply to the Uniform Gifts to Minors Act.

■■■ Still another reason exists for upholding the Uniform Gifts to Minors Act. We do not view the "custodian" under the Act as a trustee in the strict sense of that term. Legal title to the money or securities is indefeasibly vested in the minor, not in the custodian. Sec. 154(3) (a). This is entirely inconsistent with the rights surrounding a technical trust, where legal title to the trust property is generally conceded to be vested in the trustee for the benefit of the cestui que trust. Our court has declared that Sec. 74 of the Alabama Constitution is to be strictly construed, because it is a limitation of legislative powers running into the indefinite future. Sims v. Russell, 236 Ala. 562, 183 So. 862. So considered, we think it manifest that a gift under the Uniform Act is not to be construed as a "trust fund" as that term is used in Sec. 74 of the Constitution, as legal title to the trust res is vested in the minor. Such being the case, the Uniform Gifts to Minors Act would not be violative of Sec. 74 of the Constitution.

■ The Act merely creates a statutory method of effecting gifts to minors to be managed by someone appointed by the donor. The custodian of the property must manage and invest the property as would a prudent man of discretion and intelligence. Sec. 154(4) (e), supra. The Act is not an attempt to provide an exclusive means of making gifts to minors, but is an optional method provided by the legislature. Sec. 154(9) (b), Title 47, supra. The donor must clearly express that his gift is to be governed by the Act in the manner there prescribed. Sec. 154(2), Title 47, supra. Once the donor expresses an intent to make a gift under the Act, all provisions of the Act are incorporated into the instrument. Sec. 154(3) (b), Title 47, supra.

■ The Uniform Gifts to Minors Act is also attacked on the grounds that it contains more than one subject, and the subject of the Act is not clearly expressed in its title, all in violation of Sec. 45 of the Alabama Constitution.

The two subjects contained within the Act are urged by appellant to be securities and money. This argument is untenable. The subject of the Act is clearly gifts to minors, and the mere fact that more than one type property may be given under the Act does not cause it to have more than one general subject. The rule is well established that a number of different branches of the same general subject may be included in one bill if they are all germane and cognate to and have a general connection with the one principal subject. Newberry v. City of Andalusia, 257 Ala. 49, 57 So.2d 629.

■■ The title of the Act is expressed by the legislature as follows:

"An Act concerning gifts of securities and money to minors and to make uniform the law with reference thereto."

The subject, while in general terms, is clearly expressed in its title. The title of an act need not be an index thereto nor does it have to catalogue all powers intended to be bestowed, In re Opinion of the Justices, 262 Ala. 345, 81 So.2d 277, but is sufficient where everything which is necessary to make a complete enactment in regard to it or which results as a complement of the thought contained in the general expression is included and authorized by it. Dearborn v. Johnson, 234 Ala. 84, 173 So. 864; Ex parte Mayor and Aldermen of Birmingham, 116 Ala. 186, 22 So. 454.

Heretofore, the mechanics of making gifts to minors presented a most perplexing problem especially where the proposed

gift was capital stock of a private corporation. The necessity of such gifts provision is apparent when viewed in the light of federal estate and income tax structures. The trustee seeking to reinvest trust res or earnings was met with even more difficulty unless the scope of investments was expressly set out in the trust instrument. Many times the trust instrument was ambiguous in relation to investments; the trustee would hesitate to attempt a doubtful investment without the aid of court interpretation. We feel that the Act here involved removes a tremendous amount of uncertainty and doubt surrounding gifts to minors, particularly as to investments.

We think no other argument made by appellant merits special consideration and we forego further discussion.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.