GRIFFIN, Judge.
This is the appeal of a summary final judgment rejecting a claim by one of the children of J. Russell Hornsby against his estate. Appellant’s claims arise out of his parents’ 1970 alimony and child support agreement (the “Amended Stipulation”) pursuant to which the decedent agreed to provide a college education to appellant “commensurate with [J. Russell Hornsby’s] financial ability at the time such child matriculates.” The trial court evidently concluded the Amended Stipulation unambiguously evinces an intent that this obligation to provide appellant a college education not survive the death of J. Russell Hornsby.
One of the provisions of the amended stipulation relevant to consideration of whether the college education obligation was intended to survive Hornsby’s death is his undertaking in the amended stipulation to irrevocably designate appellant as the beneficiary of certain insurance policies on his (J. Russell Hornsby’s) life. Such a contractual provision, requiring a father to maintain life insurance with the child as beneficiary, indicates an intent that the child support obligations contained in a divorce agreement will terminate on the father’s death. Pittman v. Pittman, 419 So.2d 1376 (Ala.1982).
*1048 In paragraph 8 of the Amended Stipulation, the insurance policies in question are identified by insurer, policy number and amount. Of the seven policies listed in paragraph 8, appellant has not received payment on three. The $10,000 Lincoln National policy turned out to be a policy on the life of Kevin Hornsby, appellant's stepbrother, not J. Russell Hornsby. Also, this policy matured in 1982 and J. Russell Hornsby was paid its residual value. The value of the Volunteer State life insurance policy was significantly diminished because J. Russell Hornsby, during his life, borrowed $8,548.63 on that policy. Finally, the Gibraltar Life Insurance policy, which appears in the agreement to have a $20,000 value, was, in reality, a decreasing term mortgage protection policy which expired in 1981 with a zero value. Appellee contends that J. Russell Hornsby had no obligation to appellant for this unpaid insurance.
Based on the record before us, we can see no basis for entry of the summary judgment in favor of the estate on either the claim for educational expenses incurred by appellant after the death of J. Russell Hornsby or for the life insurance proceeds. The amended stipulation, read in its entirety, appears to reflect an intent that the obligation to provide appellant’s college education would not survive J. Russell Horns-by’s death; however it also appears that Hornsby was contractually bound- to provide life insurance, as shown in paragraph 8, that would be payable to appellant upon his death. As reflected by the record and the parties’ briefs on these issues, the Amended Stipulation is not clear and a trial will be required to determine the intention of the parties.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DANIEL, Judge, Retired, concurs.
DAUKSCH, J., dissents without opinion.