THOMPSON, Presiding Judge.
John Reynolds (“the father”) petitions this court for a writ of mandamus directing the Etowah Circuit Court (“the trial court”) to dismiss a petition Paula Reyn *1124 olds (“the mother”) filed in the trial court in which she seeks to enforce a judgment of the Superior Court of Fulton County, Georgia, that divox-ced the parties and, among other things, ordered the father to pay postminority educational support for the parties’ child (“the child”).
According to the materials submitted in support of and in opposition to the petition for a writ of mandamus, the Superior Court of Fulton County, Georgia, entered a judgment divorcing the parties on April 25, 1997 (“the Georgia divorce judgment”). The child was nine months old at the time the Georgia divorce judgment was entered. The Georgia divorce judgment, which was based on the parties’ settlement agreement, provided that the father would pay the expenses for the child in connection with the child’s obtaining a four-year college or university degree or training at a vocational or trade school.
The father now resides in Alabama. On August 25, 2015, when the child was in the process of enrolling in an Alabama community college, the mother filed a petition in the trial court seeking to enforce the provision of the Georgia divorce judgment in which the father agreed to pay postminority educational expenses. In her petition, the mother stated: “A copy of the Georgia [divorce] judgment is attached hereto (a certified copy will be filed soon).” A copy of the Georgia divorce judgment and a copy of the parties’ settlement agreement were attached to the mother’s petition; however, the copy of the Georgia divorce judgment attached to the petition does not appear to be a certified copy.
The father filed a motion to dismiss the mother’s petition on September 9, 2015, asserting that the mother had failed to follow the requirements for registering the Georgia divorce judgment as set forth in former § 30-3A-602, Ala.Code 1975, a part of Alabama’s former codification of the Uniform Interstate Family Support Act (“the UIFSA”), former § 30-3A-101 et seq., Ala.Code 1975, which has been repealed and replaced by § 30-3D-101 et seq., Ala.Code 1975, effective June 2, 2015.[1] As a result, the father argued, the trial court did not obtain subject-matter jurisdiction over the mother’s petition. Section 30-3D-602, which replaced former § 30-3A-602, provides, in pertinent part:
“(a) Except as otherwise provided in Section 30-3D-706,[ Ala.Code 1975,] a support order or income-withholding order of another state or a foreign support order may be registered in this state by sending the following records to the appropriate tribunal in this state:
“(1) a letter of transmittal to the tiibunal requesting registration and enforcement;
“(2) two copies, including one certified copy, of the order to be registered, including any modification of the order;
“(3) a sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage;
“(4) the name of the obligor and, if known:
*1125 “(A) the obligor’s address and Social Security number;
“(B) the name and address of the obligor’s employer and any other source of income of the obligor; and
“(C) a description and the location of property of the obligor in this state not exempt from execution; and
“(5) except as otherwise provided in Section 30-3D-312,[ Ala.Code 1975,] the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.”
On September 10, 2015, the mother filed a response to the father’s motion to dismiss. In her response, the mother asserted, among other things, that the copy of the Georgia divorce judgment that was attached to her petition “[was] certified, although it may not appear on AlaFile to be because the certification is on the back of two pages.”[2] The trial court entered an order on October 30, 2015, allowing the mother seven days “to cure any technical deficiencies in the filing/registration of [her] petition.” That same day, the mother filed copies of the Georgia divorce judgment and the parties’ divorce settlement agreement with the additional pages containing the certifications.
The father filed a renewed motion to dismiss on December 3, 2015, asserting that the mother’s petition was still deficient, despite her having filed the certification page of the Georgia divorce judgment. On January 4, 2016, the mother filed her affidavit, which addressed some of the information the father had pointed out as missing from her petition. The trial court denied the father’s renewed motion to dismiss on January 5, 2016. The father filed his petition for a writ of mandamus with this court on February 15, 2016.
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)).
In his petition, the father argues that the mother did not strictly comply with § 30-3D-602(a). The father asserts that the mother failed to specifically request enforcement of the Georgia divorce judgment; that the certified copy of the Georgia divorce judgment was not attached to the mother’s petition as originally filed; that the mother failed to include a sworn statement regarding the amount of any child-support arrearage; and that the mother’s petition did not. contain certain information required to be included by § 30-3D-602(a)(4). Because of those deficiencies, the father argues, the trial court lacked subject-matter jurisdiction over the mother’s petition. “[A] lack of subject-matter jurisdiction may be raised at any time, and ... the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000).
In her answer to the father’s mandamus petition, the mother contends that the father is asking the courts of this state “to engage in a harsh, hyper-technical interpretation” of the requirements for registration of a foreign support or income- *1126 withholding order as set forth in § 30-3D-602(a). She argues that, contrary to the father’s assertions, her filings were not deficient. She states that, despite a “scrivener’s error” in .her petition saying that a certified copy of the Georgia divorce judgment would be filed with the trial court later, in fact, a certified copy of the Georgia divorce judgment was filed with the petition. However, the mother said, the certification stamp appeared on the back of a page that had been electronically filed and, therefore, was not visible. The mother also points out that, because no child-support arrearage existed at the time she filed her petition seeking to enforce the Georgia divorce judgment, there was no need to include language1 regarding “any arrearage” in her sworn petition. Furthermore, the mother argues, § 30-3D-602(a)(4) requires inclusion, “if known,” of certain personal information, such as the obligor’s Social Security number, employer, or other sources of income or the description or location of certain property of the obligor. The mother contends that, in her petition, she provided all the relevant information of which she' was aware, and, therefore, she asserts, she was in compliance with the registration statute.
In previous cases, this court, has held that “strict compliance” with the UIFSA registration procedures is required to confer subject-matter jurisdiction upon an Alabama circuit court to enforce or to modify a foreign child-support judgment. See Herzog v. Stonerook, 160 So.3d 340, 346 (Ala.Civ.App.2014); Ex parte Ortiz, 108 So.3d 1046, 1050 (Ala.Civ.App.2012); and Ex parte Davis, 82 So.3d 695, 701 (Ala.Civ.App.2011). Although one must proceed under § 30-3D-602(a) when seeking to enforce the child-support provisions of a foreign judgment or income-withholding order, this court is no longer of the opinion that strict compliance with that statute is required. No language in the statute itself mandates strict compliance with its provisions, and our previous opinions offer no analysis or discussion as to why strict compliance should be required.
Research has revealed that Alabama is the only state that requires “strict compliance” with the UIFSA when registering a foreign judgment. Other jurisdictions that have considered the issue have determined that “substantial compliance” with the registration requirements is sufficient. For example, in Twaddell v. Anderson, 136 N.C.App. 56, 60, 523 S.E.2d 710, 714 (1999), the Court of Appeals of North Carolina wrote that because the UISFA was “ ‘promulgated and intended to be used as [a] procedural meohanism[ ] for the establishment, modification, and enforcement of ” child-support obligations, “substantial compliance” with the registration requirements under the UIFSA “will suffice to accomplish registration of the foreign order.” (Quoting Welsher v. Rager, 127 N.C.App. 521, 524, 491 S.E.2d 661, 663 (1997).) In In re Marriage of Owen & Phillips, 126 Wash.App. 487, 496, 108 P.3d 824, 828-29 (2005), the Court of Appeals of Washington held that substantial compliance with procedural registration requirements under the UIFSA satisfied the statute governing filing an out-of-state support order. In reaching its holding, the Court of Appeals of Washington explained:
“Public policy supports our determination that substantial compliance is the appropriate standard where there is no prejudice to the obligor. UIFSA encourages parties to register valid child support orders, and the procedural safeguards are designed to minimize the risk of prejudice to the obligor. UIFSA does not support a policy that punishes support recipients for minor, harmless procedural errors in registration. [The respondent] does not dispute the validity of the Kansas order or that he owes *1127 back support. Holding that the registration was invalid under these circumstances would undercut UIFSA’s purpose.”
In re Marriage of Owen & Phillips, 126 Wash.App. at 497-98, 108 P.3d at 829.
Similar holdings have been reached in Mississippi, see Nelson v. Halley, 827 So.2d 42, 46 (Miss.Ct.App.2002) (holding that, although some statutorily required information for registration of a foreign judgment under the UIFSA was missing, the foreign judgment “had adequately been filed”); Texas, see Kendall v. Kendall, 340 S.W.3d 483, 500 (Tex.App.2011) (permitting substantial compliance with the procedural registration requirements set forth in the UIFSA); and Nebraska, see Lamb v. Lamb, 14 Neb.App. 337, 350, 707 N.W.2d 423, 435 (2005)(“Substantial compliance with the registration requirements [of the UIFSA] is expected.”).
Requiring one seeking to enforce a foreign judgment to be in substantial compliance, as opposed to strict compliance, with the registration requirements of the UIFSA is the better-reasoned position. Requiring strict compliance with § 30-3D-602(a) produces a harsh result, especially considering that the subject matter at issue in cases in which the UIFSA applies is child support. The “UIFSA was created to identify ways to improve the efficiency and effectiveness of interstate child support enforcement by addressing interstate cases in a uniform manner.” Ala. Admin. Code (Dep’t of Human Res.), Rule 660-3-10-01. Requiring strict compliance with the registration statute does not further the purpose of the UIFSA. See In re Marriage of Owen & Phillips, supra.
This case, in which the mother is not alleging that there is any past-due child support and is not attempting to enforce an income-withholding order, illustrates the undue harshness of holding that the trial court, did not acquire subject-matter jurisdiction to enforce the Georgia divorce judgment merely because the mother did not explicitly state that there was no child-support arrearage or provide other information set forth in § 30-3D-602(a)(4), such as the father’s Social Security number, place of employment, or other sources of income or a description and location of the father’s property within the state that is not exempt from execution. The information requested in § 30-3D-602(a)(4) is not relevant under the circumstances of this case. Moreover, we note that § 30-3D-602(a)(4) requires that certain information be included in the registration material's only “if known.” It would not be logical to determine that a trial court obtains subject-matter jurisdiction in an instance when a petitioning parent does not know certain information, for example, the other parent’s place of employment, and therefore omits such information when petitioning to register a foreign judgment, but to determine that a trial court does not obtain subject-matter jurisdiction'when1 a petitioning parent is aware' of such information but does not include it under circumstances, like those in this case, when it is not relevant. Subject-matter jurisdiction should not be dependent on such vagaries.
Here, the mother filed a sworn petition in which she stated that'the child was “in the process of enrolling” in a community college where he hoped to study for one year before transferring to Auburn University. The mother also stated that she needed financial assistance from the father to pay for the child’s college education. She indicated that, pursuant to the Georgia divorce judgment, the father was required to pay
“all costs of [the child’s] college education over and above scholarships, grants, work study programs, or ac *1128 counts or funds ear-marked for the child’s education, including board, tuition, living and clothing allowance, and a reasonable amount for books, lab fees, student assessments, and similar items, in connection therewith to any school chosen by [the child].”
The mother went on to recognize that the father’s financial responsibility for the child’s college education was limited to the current rates applicable at Georgia public universities. Finally, the mother stated that the father had failed or refused to comply with the provisions of the Georgia divorce judgment.
In her petition, the mother then explicitly requested that the father “pay for, or reimburse the mother for, [the child]’s books, tuition, and related fees, and a living and clothing allowance” while the child attended community college and “to pay for [the child]’s books, tuition, student fees, and related fees, room, board, and a living and clothing allowance when [the child] attends Auburn University.” At the time the mother filed her petition and attempted to register the Georgia divorce judgment, the mother could not have submitted a sworn statement seeking a specific amount of “any arrearage” because a child-support arrearage did not exist.
The language the mother used in her sworn petition is sufficient to indicate that she is seeking to register the Georgia divorce judgment and to enforce the post-minority-support provisions of that judgment. The petition also puts the father on notice as to the specific relief the mother is seeking. We do not see how the father would be unduly prejudiced by the mother’s “harmless procedural errors” in registering the judgment. In re Marriage of Owen & Phillips, 126 Wash.App. at 498, 108 P.3d at 829.
Furthermore, the mother filed a copy of the Georgia divorce judgment and supplemented her petition with a certified copy, on which the certification stamp is visible, before the trial court took any action toward enforcing the Georgia divorce judgment. The mother should not be forced to begin anew the registration process because the electronically filed version of the Georgia divorce judgment did not originally display the back of a page on which the certification stamp was located.
For the reasons set forth above, this court now overrules the line of cases requiring strict compliance with the registration requirements found in § 30-3D-602(a) and holds, instead, that substantial compliance with those requirements is sufficient. Further, under the facts of this case, we conclude that the mother’s petition was in substantial compliance with the registration requirements and, thus, that the trial court does have subject-matter jurisdiction over proceedings regarding the enforcement of the Georgia divorce judgment. Accordingly, the father’s petition for a writ of mandamus is denied.
PETITION DENIED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Because the mother's petition in the present case was filed after June 2, 2015, the current version of the UIFSA applies. We note, however, that the language of former § 30-3A-602(a) is substantially identical to the language of § 30-3D-602(a), Ala.Code 1975. Thus, we consider those cases interpreting former § 30-3A-602(a) to be instructive with regard to the operation of § 30-3D-602(a). To the extent the father’s and the mother's arguments, whether before the trial court or before this court, refer to § 30-3A-602(a), we interpret those arguments as referring to § 30-3D-602(a), and references in this opinion to the UIFSA are references to the correct version of the UIFSA.

. "AlaFile” is an Internet application that allows users to file and receive service copies of court documents electronically. AlaFile User Manual, p. 4 (2012).