DONALDSON, Judge.
*1221 Kireem Jeter ("the father") petitions this court for a writ of mandamus directing the Jefferson Circuit Court ("the trial court") to grant his motion to dismiss the petition of Susie Bonner ("the maternal grandmother") seeking an order from the trial court to permit her to have visitation with the father's child, K.H.B. ("the child"). The father claims the trial court lacks subject-matter jurisdiction over the proceedings. For the reasons set forth below, we deny the petition.
Background
The materials submitted by the parties indicate the following. On September 7, 2017, the maternal grandmother filed a petition seeking visitation with the child, pursuant to § 30-3-4.2, Ala. Code 1975 ("the Grandparent Visitation Act"). On November 27, 2017, the father filed a motion to dismiss the petition for lack of jurisdiction. In his motion, the father asserted that the trial court lacked jurisdiction over the action because the child's other grandparents ("the other grandparents") had not been notified of the petition as required by the Grandparent Visitation Act. On November 28, 2017, the maternal grandmother filed certificates of service, indicating that a copy of the petition had been mailed to the child's maternal grandfather and the paternal grandmother, and she submitted an interrogatory to the father requesting the name and contact information of the child's paternal grandfather. On November 28, 2017, the maternal grandmother also filed a response to the motion to dismiss, arguing that the trial court should deny the motion to dismiss and direct the father to provide the requested information regarding the paternal grandfather. On November 28, 2017, the trial court entered an order denying the father's motion to dismiss and directing the maternal grandmother to amend her petition and provide notice to, or to serve, all necessary parties within 14 days. On January 2, 2018, the father filed a petition for the writ of mandamus challenging the denial of his motion to dismiss. We have jurisdiction to review the father's petition pursuant to § 12-3-10, Ala. Code 1975, and § 12-3-11, Ala. Code 1975.
Standard of Review
" '[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.' " Ex Parte Reynolds, 209 So.3d 1122, 1125 (Ala. Civ. App. 2016) (quoting Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) ).
" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' "
Id. (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) ).
Discussion
The father contends that the trial court lacked jurisdiction over the action.
"Jurisdiction is '[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (' "By jurisdiction *1222 over the subject-matter is meant the nature of the cause of action and of the relief sought." ' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870) ) ). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court's 'statutory or constitutional power' to adjudicate a case)....
"Under the Alabama Constitution, a circuit court 'shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const. 1901."
Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006). Section 12-11-31, Ala. Code 1975, provides, in part:
"The powers and jurisdiction of circuit courts as to equitable matters or proceedings shall extend:
"(1) To all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.
"....
"(4) To such other cases as may be provided by law."
As courts of general civil jurisdiction, circuit courts have subject-matter jurisdiction over " 'a contest ... between the parents, or between a parent and a third person, as to who should have the control and care of the minor.' " Ex parte K.L.P., 868 So.2d 454, 456 (Ala. Civ. App. 2003) (quoting 47 Am. Jur. 2d Juvenile Courts § 4 (1995) ). Accordingly, a circuit court has subject-matter jurisdiction over petitions seeking grandparent visitation, subject to statutory restrictions. Id. (holding that circuit court had subject-matter jurisdiction of petition seeking grandparent visitation).
Moreover, the Grandparent Visitation Act provides that, generally, petitions initiating an original grandparent-visitation action are to be filed in a circuit court:
"A grandparent may file an original action in a circuit court where his or her grandchild resides or any other court exercising jurisdiction with respect to the grandchild or file a motion to intervene in any action when any court in this state has before it any issue concerning custody of the grandchild, including a domestic relations proceeding involving the parent or parents of the grandchild, for reasonable visitation rights with respect to the grandchild if any of the following circumstances exist:
"(1) An action for a divorce or legal separation of the parents has been filed, or the marital relationship between the parents of the child has been severed by death or divorce.
"(2) The child was born out of wedlock and the petitioner is a maternal grandparent of the child.
"(3) The child was born out of wedlock, the petitioner is a paternal grandparent of the child, and paternity has been legally established.
"(4) An action to terminate the parental rights of a parent or parents has been filed or the parental rights of a parent has been terminated by court order; provided, however, the right of the grandparent to seek visitation terminates if the court approves a petition for adoption by an adoptive parent, unless the visitation rights are allowed pursuant to Section 26-10A-30."
§ 30-3-4.2(b). In this case, there is no dispute over the child's residency in Jefferson County, and the materials submitted indicate that the mother is deceased. There is no indication that there were any previous orders regarding the custody of *1223 the child. Although there is also no indication whether the mother and the father were married at the time of the mother's death, we conclude that, based on the materials submitted, the maternal grandmother's filing of a petition initiating an original action in the trial court met the requirements in either § 30-3-4.2(b)(1) or § 30-3-4.2(b)(2).
Section 30-3-4.2(i) provides additional conditions regarding the filing of an original action seeking grandparent visitation, stating:
"(1) Notwithstanding any provisions of this section to the contrary, a petition filed by a grandparent having standing under Chapter 10A of Title 26, seeking visitation shall be filed in probate court and is governed by Section 26-10A-30, rather than by this section if either of the following circumstances exists:
"a. The grandchild has been the subject of an adoption proceeding other than the one creating the grandparent relationship.
"b. The grandchild is the subject of a pending or finalized adoption proceeding.
"(2) Notwithstanding any provisions of this section to the contrary, a grandparent seeking visitation pursuant to Section 12-15-314 shall be governed by that section rather than by this section.
"(3) Notwithstanding any provisions of this section to the contrary, a parent of a parent whose parental rights have been terminated by a court order in which the petitioner was the Department of Human Resources, shall not be awarded any visitation rights pursuant to this section."
There is no indication that the child has been involved in an adoption or dependency case or that the maternal grandmother has been involved in a termination-of-parental rights case. As a result, we cannot conclude that the trial court lacked jurisdiction over the maternal grandmother's petition on the basis that § 30-3-4.2(i) is applicable in this case.
The father argues that the trial court lacked jurisdiction over the action because, he asserts, the other grandparents are necessary parties and were not served and notified of the petition. The Grandparent Visitation Act provides, in relevant part:
"(k) All of the following are necessary parties to any action filed under this section:
"(1) Unless parental rights have been terminated, the parent or parents of the child.
"(2) Every other person who has been awarded custody or visitation with the child pursuant to court order.
"(3) Any agency having custody of the child pursuant to court order.
"(l) In addition, upon filing of the action, notice shall be given to all other grandparents of the child. The petition shall affirmatively state the name and address upon whom notice has been given.
"(m) Service and notice shall be made in the following manner:
"(1) Service of process on necessary parties shall be made in accordance with the Alabama Rules of Civil Procedure.
"(2) As to any other person to whom notice is required to be given under subsection (l), notice shall be given by first class mail to the last known address of the person or persons entitled to notice. Notice shall be effective on the third day following mailing.
"(n) Notwithstanding the foregoing, the notice requirements provided by this section may be limited or waived by the *1224 court to the extent necessary to protect the confidentiality and the health, safety, or liberty of a person or a child."
Section 30-3-4.2(n) provides that the trial court may limit or waive the notification requirement under certain circumstances. That provision is inconsistent with the father's assertion that notification is a jurisdictional requirement for the trial court to hear the case. Moreover, the other grandparents are not agencies or parents of the child, and there is no indication in the materials submitted that any of the other grandparents "ha[ve] been awarded custody or visitation with the child pursuant to court order." § 30-3-4.2(k)(2). As a result, the father has not established that the other grandparents are necessary parties pursuant to § 30-3-4.2(k). Furthermore, even if the other grandparents are necessary parties, "the failure to join an indispensable party does not affect the subject-matter jurisdiction of a court." Miller v. City of Birmingham, 235 So. 3d 220, 229 (Ala. 2017). Therefore, any lack of notice of the petition to the other grandparents did not deprive the trial court of subject-matter jurisdiction over the action.
We conclude that the trial court was not required to dismiss the action for lack of subject-matter jurisdiction. Accordingly, we deny the father's petition for a writ of mandamus.
PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.